```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION
```

| | | |
|---|---|---|
| ORTHODONTIC CENTERS OF TEXAS, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-06-2595 |
| CHARLES CORWIN, D.D.S. and CHARLES CORWIN, D.D.S., P.C., | § § § | |
| Defendants. | § § | |

## MEMORANDUM AND ORDER OF TRANSFER

Pending is Plaintiff's Motion to Transfer (Document No. 4), in which Plaintiff requests that this case be transferred to the United States District Court for the Eastern District of Louisiana for referral to the Bankruptcy Court pursuant to 28 U.S.C. § 1412. Defendants in the Rule 16 Conference said that this is an inactive case (because of the State Court abatement), that Judge Melinda Harmon will determine the legality of the BSA in a separate case, and that this case therefore should not be transferred. Defendants filed no written response, however, and have filed no opposing brief on the law. After carefully considering the motion and applicable law, the Court concludes that the motion should be granted.

This dispute arises out of a contractual relationship under which Plaintiff agreed to provide business and consulting services to Defendants in exchange for, among other things, monthly service

fees.  Pursuant to the Business Service Agreement dated April 30, 1997 (the "BSA"), Defendants assigned certain assets to Plaintiff, including Defendants' leasehold interests in Dr. Corwin's dental offices, and the furniture, fixtures, and equipment he used in providing orthodontic care and treatment to his patients.

In October, 2004, Plaintiff sued Defendants in state court for breach of contract and specific performance of the BSA, and for conversion, promissory estoppel, unjust enrichment, and attorneys' fees related to services performed and money expended by Plaintiff under the BSA.  Defendants filed a counterclaim for Plaintiff's breach of the BSA, tortious interference, breach of fiduciary duty, fraud, declaratory judgment, and injunctive relief.  *See* id. ex. 5.[1]  On November 28, 2005, the State Court abated the case "until further order of the Court."  *See* Document No. 6 ex. A.[2]  Then in March, 2006, Plaintiff (and its parent corporation and certain affiliates) filed for Chapter 11 bankruptcy in the United States

---

[1] Specifically, Defendants seeks a declaration that the BSA was terminated for cause and a declaration of Defendants' rights under the BSA, including their rights "with regard to the lease in question and to other assets previously assigned to [Plaintiff]" under the BSA.  *See* Document No. 1 ex. 5 ¶ 15.  Defendants also seek injunctive relief "to protect [Defendants] from eviction efforts of [Plaintiff]."  *See* id. ¶ 18.

[2] In their Joint Discovery/Case Management Plan, the parties state that they requested abatement of the case "pending the resolution of the issue of legality/illegality of the BSA in a related case filed in the Southern District of Texas"--namely, Charles Corwin, D.D.S., et al. v. Orthodontic Centers of America, Inc. et al., Case No. 4:05-cv-02271, pending in this Court before Judge Melinda Harmon.

Bankruptcy Court for the Eastern District of Louisiana (the "Bankruptcy Court"), invoking 11 U.S.C. § 362's automatic stay.[3] In July, 2006, the Bankruptcy Court consolidated the various litigation related to the BSAs to which Debtors, including Plaintiff, were parties.[4] On August 7, 2006, Plaintiff removed this case to federal court and, one day later, moved this Court to transfer the case to the Eastern District of Louisiana for referral to the Bankruptcy Court, contending that "<u>this proceeding is a core proceeding</u> to the bankruptcy case," and "[t]he interests of justice

---

[3] The automatic stay has been partially lifted for the purpose of determining whether the BSA is "void *ab initio*, illegal and/or unenforceable on [its] face under applicable state law." *See* Document No. 6 ¶ 9. The parties are agreed, however, that this action involves no claims for declaratory relief as to the legality/illegality of the BSA, and, hence, the automatic stay remains in place with respect to this action. *See* <u>id.</u>

[4] The Debtors--who have similar BSAs with hundreds of other practitioners across the country--claim as their principal asset the many BSAs and the revenue generated therefrom. *See* Document No. 1 at 3-4. *See also* <u>OCA, Inc., et al. v. Johnstown Orthodontic Specialists, Inc. et al.</u>, No. Civ.A. 04-296J, 2006 WL 2773493, at *1 (W.D. Pa. Sept. 25, 2006). Plaintiff asserts that the Debtors' Plan of Reorganization specifically provides for assumption of approximately 250 BSAs like the one at issue here, and "the Debtors have filed over 70 adversary proceedings, and Debtors anticipate removing and/or transferring over 30 prepetition lawsuits to Bankruptcy Court, all involving the BSA's to be assumed under the Plan." *See* Document No. 4 at 6-8. The Bankruptcy Court has found that it "has core jurisdiction to determine the issues related to the assumption and/or rejection of the [BSAs], which constitute the primary assets of the Debtors' estates," and it therefore "consolidate[d] . . . litigation related to the BSA's, including the adversaries by and against the Affiliated Practices, [and] removed and/or transferred pre-petition cases and lawsuits . . . ." *See* Document No. 4 ex. A at 1. As such, Plaintiff asserts, "[t]he Bankruptcy Court has already determined that it has core jurisdiction over this proceeding." *See* <u>id.</u> ¶ 5.

and efficient administration of the Debtor's bankruptcy estate strongly favor transfer." *See* Document No. 4 at 1, 3 (emphasis in original).

"There is a strong presumption that proceedings 'related to' a bankruptcy should be litigated in the judicial district where the bankruptcy itself is pending." Zhang v. Rothrock, No. Civ.A. H-05-3461, 2006 WL 213951, at *1 (S.D. Tex. Jan. 25, 2006) (Atlas, J.) (quoting AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A., 2004 WL 2278770, at *17 (S.D. Tex. Sept. 14, 2004)). *See also* Hohl v. Bastian, 279 B.R. 165, 177 (W.D. Pa. 2002) ("[T]he home court presumption provides that the court in which the bankruptcy case itself is pending is the proper venue for adjudicating all related litigation, including those suits which have been filed in other state or federal courts."); Bayou Steel Corp. v. Boltex Mfg. Co., L.P., Civ. A. 03-1045, 2003 WL 21276338, at *1 (E.D. La. Jun. 2, 2003); In re Vital Link Lodi, Inc., 240 B.R. 15, 19 (Bankr. W.D. Mo. 1999). When an action is commenced in a separate judicial district, the district court may, in its discretion, transfer the case to the district in which the bankruptcy proceeding is pending "in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. The "interest of justice" inquiry asks whether the transfer "would promote the efficient administration of the bankruptcy estate, judicial economy, timeliness, and fairness . . ." In re Manville Forest

4

Prods. Corp., 896 F.2d 1384, 1391 (2d Cir. 1990).  *See also* Zhang, 2006 WL 213951, at *1 (same); Friede & Goldman, Ltd. v. Bennett, No. 01-2915, 2001 WL 1658174, at *1 (E.D. La. Dec. 26, 2001) ("[T]he most important consideration is the efficient administration of the bankruptcy estate.") (citing Weisman v. Se. Hotel Props. Ltd. P'ship, No. 91 Civ. 6232, 1992 WL 131080, at *7 (S.D.N.Y. Jun. 1, 1992)).

 The claims and counterclaims in this action, as Plaintiff asserts, "have been made on, or in direct respect of, the BSA." The BSA itself is part of the principal asset of Plaintiff's bankruptcy estate and falls within the explicit core jurisdiction of the Bankruptcy Court.  *See* Document No. 1 at 2; Document No. 4 ex. A at 1.  *Cf.* OCA, Inc., 2006 WL 2773493, at *2-3 (upholding transfer of parallel case involving BSA to Bankruptcy Court after finding that "[t]he BSA at the center of this case is one of many agreements that collectively form the core asset of a parallel bankruptcy proceeding," and "[t]he Court therefore credits Plaintiffs' assertions that a transfer . . . would facilitate the administration of debtor's estate."); Buck et al. v. OrthAlliance, Inc., Civ.A. No. 3:05-CV-1485-N, slip op. at 5-6 (N.D. Tex. Nov. 20, 2006) (transferring parallel case involving BSA to Bankruptcy Court in light of Bankruptcy Court's finding that it has core jurisdiction over issues related to the assumption and/or rejection of the BSAs, which constitute the primary assets of the Debtors'

estates). Furthermore, in light of the Bankruptcy Court's consolidation of numerous other cases such as this, and in the interest of efficiently resolving the many adversary proceedings and pre-petition lawsuits currently pending against Plaintiff and the other Debtors, the Court concludes that transfer promotes the efficient administration of the bankruptcy estate and judicial economy in general--all in the interest of justice.  Accordingly, the Court grants Plaintiff's motion to transfer this case to the Eastern District of Louisiana for referral to the Bankruptcy Court.

    Based on the foregoing, it is

    ORDERED that Plaintiff's Motion to Transfer (Document No. 4) is GRANTED, and this case is TRANSFERRED pursuant to 28 U.S.C. § 1412 to the United States District Court for the Eastern District of Louisiana where it may be referred to the Bankruptcy Court.

    The Clerk shall notify all parties and provide them with a signed copy of this Order.

    SIGNED at Houston, Texas, on this 18th day of January, 2007.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE